### BENJAMIN v. MALONEY.

(Circuit Court, W. D. Pennsylvania. August 3, 1907.)

No. 19.

1. SALES—BREACH OF CONTRACT BY PURCHASER—MEASURE OF DAMAGES.

The measure of the damages recoverable by a seller for the breach by the purchaser of a contract for the sale of a quantity of scrap steel, which on the failure of the purchaser to take it was sold by the seller at the market price, is the difference between such price and the contract price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1098.]

2. DAMAGES—PLEADING—AFFIDAVIT OF DEFENSE.

An affidavit of defense, attempting to plead a claim for damages for breach of contract, must allege facts showing, not only the right to such damages, but from which the amount can be ascertained.

At Law. On rule for judgment for want of sufficient affidavit of defense.

O. S. Richardson and W. D. N. Rogers, for plaintiff.
Watterson & Reid, for defendant.

EWING, District Judge. On December 4, 1905, the defendant entered into a contract with the plaintiff for the sale of 500 tons of heavy melting steel scrap, to be delivered f. o. b. cars Pittsburg at $17.05 per ton, or 350 tons thereof to be delivered in Allegheny at $17.35 per ton, or 350 tons or more for Pittsburg delivery and the balance to Sharon, Pa., at $18 per ton, deliveries to be made in December and January, and plaintiff to give two 60-day acceptances for $2,000 each on account; the balance to be settled for on basis of 30-day draft from date of invoice for each car. Pursuant to this contract one car of scrap was delivered, of the value of $414.29. No other scrap was delivered to the plaintiff, and he alleges that the time of delivery was by agreement postponed from time to time, and that finally, without his knowledge or consent, or previous notice, the defendant sold the scrap to other parties, and has refused to refund to him the amount of his payments on account, viz., the two drafts, aggregating $4,000, less the $414.29 for the one car delivered; and it is for that amount, to wit, $3,585.71, with interest from February 2, 1906, that this action is brought. The defendant filed an affidavit of defense and this matter is now before the court on a rule for judgment for want of a sufficient affidavit of defense.

The payment of the $4,000 by the plaintiff and the delivery of the one car of scrap, of the value of $414.29, are admitted; but the defendant denies that he ever consented to an extension of the time of delivery, and avers it is not true that plaintiff had no notice of defendant's intention to resell said scrap, and alleges that the facts are as set forth in extracts from letters which passed between the parties, recited in the affidavit of defense, and claims to be indebted to the plaintiff only in the sum of $2,461.69, for which check was sent to the plaintiff and refused. The correspondence set out shows that the defendant was anxious to have the scrap delivered and that the plaintiff was not ready to receive it; but at no point in the correspondence quot-

ed is definite notice given to the plaintiff that, unless he gives shipping directions within or by a certain date, the same will be sold in the open market or otherwise disposed of at his risk. The last correspondence set out is a portion of the letter of April 20, 1906, from the defendant to the plaintiff, in which he states:

"Your favor of the 16th inst. received, stating that you hope that I would not press you on the shipment of the steel, as you say you would lose considerable money on the deal. Would say I have certainly gave you all the time any reasonable person could, so I certainly have to straighten it out by the first of the month. So I hope to be able to see you before that time."

And the reply of the plaintiff thereto, the date of which is not stated, to the following effect:

"We are in receipt of your letter of the 20th inst. in regard to the steel scrap which you owe us, and note all you have to say. In reply we beg to state that Mr. Benjamin will be unable to run down to Pittsburg next week, as he has some very important business in the East which will take all of his time next week. He, however, expects to run down to Pittsburg the following week, when he will call on you, and hope that he will be able to straighten this matter out."

Following this correspondence the defendant states that he sold the heavy melting steel scrap at the market price then ruling, and thereafter sent the plaintiff a statement, dated May 3 (31), 1906, a copy of which is attached to the affidavit of defense and made part thereof, marked "Exhibit A," showing the items of the transaction, and that he sent to the plaintiff his check for the $2,461.69, being the balance shown by said statement, which plaintiff refused to accept, and beyond that sum he claims not to be indebted to the plaintiff. The statement referred to as "Exhibit A" is as follows:

Pittsburgh, Pa., May 31st, 1906.

Benjamin Iron & Steel Co., Buffalo, N. Y., in Account with T. J. Maloney, Twenty-ninth Street and A. V. R. R.

| Date | | Car No. | | |
|---|---|---|---|---|
| 2 | 1 | Proceeds  $1,000.00 | $ 988 | 33 |
| 2 | 12 | Dic't $1,000.00  renewal | 11 | 67 |
| 3 | 1 | Part Proceeds $2,000.  Renew | 975 | 00 |
| 3 | 5 | Part Proceeds $2,000.  Renew | 1,000 | 00 |
| 3 | 12 | Dic't $2,000.  Renewal | 25 | 00 |
| 5 | 31 | Profit on 500 ton steel as per itemized bill herewith | 1,119 | 97 |
| | | | $4,119 | 97 |

**Credit.**

| 1 | 31 | By  Balance | $6,581 | 66 |
|---|---|---|---|---|
| | | Itemized  account  above | 4,119 | 97 |
| | | Check  to  balance | $2,461 | 69 |

An affidavit of defense is required to set forth specifically the nature and character of such defense, and it will be noted that in the defense here set up neither the date nor place nor market price of the steel scrap sold is given, but that the manner in which the defendant arrives at the balance which he admits to be due is simply by deducting from the amount claimed by the plaintiff an item of profit on 500 tons steel "as per itemized bill herewith, $1,119.97." Naturally the construction to be placed upon that is that such profit is the difference between the

cost of the steel scrap to the defendant and the price at which it was contracted to be delivered to the plaintiff; for it cannot be the profit which the defendant made on the resale thereof to some third party or parties, else he would sustain no loss and be entitled to no set-off against the plaintiff's claim.

Admitting the defendant's contention that this was an executory contract, and that upon the plaintiff's declination to receive the goods according to contract he had a right to dispose of them elsewhere, his claim against the plaintiff for his abrogation of the contract would be damages measured by the difference between the market price at the place of delivery at the time plaintiff refused to receive and the contract price. But this, however, is not what the defendant claims, as shown by his affidavit of defense. Consequently, the defense he makes to a portion of the plaintiff's claim is founded upon an erroneous basis, and cannot be supported. For all that appears in the affidavit of defense, the defendant may have disposed of his scrap at a price in advance of his contract with plaintiff; for, while he says he disposed of it at the market price then ruling, he does not give that market price, nor, as above stated, when and where he made the sale.

The affidavit of defense is therefore adjudged insufficient, and the rule to show cause made absolute.